| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: DECEMBER 18, 2023 |
| EASTERN DISTRICT OF NEW YORK | TIME: 9:30 A.M. |

-----------------------------------------------------------X

In Re:                                                                         Chapter 11

Soni Holdings LLC,                                                     Case No. 823-73863-A736

           Debtor.                                                        <u>Objection</u>

-----------------------------------------------------------X

        Soni Holdings LLC, Debtor and Debtor-in-Possession ("Debtor"), by its attorneys, Weinberg, Gross & Pergament LLP, as and for its Objection to creditor New Falls Corporation's motion to dismiss this bankruptcy case and for other relief, responds as follows:

        1.      On October 17, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has remained in possession and management of its properties and affairs.

        2.      No trustee, hearing examiner or creditors committee have been appointed or formed in this case.

        3.      This Objection is submitted in opposition to the Motion of New Falls Corporation ("New Falls") for an order dismissing this Chapter 11 case or converting it to a case under Chapter 7 of the Bankruptcy Code or providing for lifting of the automatic stay to permit New Falls to pursue pending litigation against the Debtor and other parties. For the reasons set forth herein, New Falls' Motion should be denied in its entirety.

        4.      On this date, the Debtor filed a motion, pursuant to Bankruptcy Rule 9019(a) seeking approval of the settlement between the Debtor and 632 MLK BLVD JR LLC ("632 MLK") of a fraudulent conveyance claim that has been asserted by New Falls. New Falls claims that there was a fraudulent conveyance of real property located at 632-634 Martin Luther King Jr.

Boulevard, Newark, New Jersey (the "Property") by the Debtor to 632 MLK and that motion is scheduled to be heard by the Court on January 10, 2024.

5. New Falls' Motion is just one of many motions and lawsuits between New Falls and the Debtor, and Om and Anjali Soni and their family members. The dispute relates to a loan that was given by AmSouth Bank in 2007 to the Debtor for $301,000.00 and the note was allegedly assigned to New Falls Corporation. The validity of that assignment is presently pending in a lawsuit before United States District Court Judge Gonzalez.

6. Nevertheless, there is no dispute that Regions Bank, successor to AmSouth Bank, was the lender and is owed the sum of $204,559.15 as of September 17, 2015.

7. The Debtor owns a special medical use building in Farmington, Missouri situated on nearly two (2) acres of land and that building was occupied and rent was paid by the tenant of the Property. The tenant was paying rent and those funds were paid by the Debtor to Regions Bank to satisfy the Note. As set forth in the Rule 9019(a) motion, in 2012, the Debtor, with funds provided by Om and/or Anjali Soni, purchased at a Sheriff's auction, the Property. It was the intention that the Property would be placed in a separate and new LLC as none of the funds to purchase the Property were provided by the Debtor herein.

8. The deed was ultimately transferred by the Debtor to 632 MLK on April 4, 2016. The Property has been managed since 2012 by Om Soni and/or Kunal Soni.

9. Mr. Kunal Soni was at one time a manager for the Debtor herein, but resigned that position in 2012 to focus his energies on certain business ventures.

10. In or about 2017, New Falls commenced a lawsuit in the United States District Court for the Northern District of Alabama asserting that it was the assignee of the note held by Regions Bank, successor to AmSouth Bank and obtained a judgment against the Debtor that was

entered by the United States District Court on February 22, 2018 in the sum of $265,834.84 (the "Judgment").

11. Following the entry of that Judgment, New Falls engaged in a course of conduct to attempt to collect the Judgment that it had purchased.

12. One of the lawsuits brought by New Falls was under the RICO statute and the other was for a fraudulent conveyance of the Property. The RICO case is inextricably intertwined with the fraudulent conveyance lawsuit that New Falls has pursued against the Debtor and 632 MLK.

13. In addition, there were numerous disputes between the parties concerning compliance with subpoenas as well as discovery disputes in the pending lawsuits.

14. In the Proof of Claim filed with this Court, New Falls is asserting a claim in the sum of $2,538,692.72. A copy of the Proof of Claim is annexed hereto as Exhibit "A." That claim indicates that it is based on the Judgment entered by the United States District Court for the Northern District of Alabama with accrued interest for the sum of $446,158.07, plus attorney's fees of $2,092,534.65, for the pursuit of the collection of that Judgment.

15. An issue in dispute is the calculation of the interest, which New Falls claims is at the rate of twelve (12%) percent per annum and the balance is for attorney's fees in the various litigations that have been commenced. On November 30, 2022, New Falls filed a Supplemental Response to a Document Request in the United States District Court lawsuit and claimed that its attorneys were owed $487,646.05. A copy of the Response is annexed hereto as Exhibit "B."

16. One of the ancillary litigations concern a dispute concerning New Falls' request for documents that was filed in the Supreme Court of the State of New York, County of Nassau. Upon information and belief, the documents sought by New Falls in the proceeding in the State Supreme Court has already been produced and is in the possession of New Falls or its

counsel. The attorney who initially represented the Debtor and Anjali Soni in that Nassau Supreme Court proceeding is no longer representing them and we have been unable to obtain the turnover of those documents but have been advised they were turned over to New Falls' counsel.

17. In that State Court proceeding, an order for contempt was issued compelling the production of documents, which the Debtor and Ms. Soni believe have already been turned over to New Falls. The Debtor and Ms. Soni do not have another set of those documents as they relate to 2007 to 2016.

18. The Debtor filed this Chapter 11 case for the purpose of trying to globally resolve all of the disputes with New Falls, including the fraudulent conveyance claim and the RICO case. The Debtor disputes that there was a fraudulent conveyance as the Missouri Property, according to AmSouth's appraiser, had a value of $350,000.00 and the debt in April 2016 was only $215,000.00.

19. 632 MLK has agreed to pay $500,000.00 to be turned over to satisfy the Judgment that was obtained in the name of New Falls Corporation, which may or may not be owned by Regions Bank. There is no dispute that there are funds due and owing on the underlying note and the Judgment that resulted from that note.

20. It is not disputed that this is effectively a two party dispute between the Debtor and its affiliates and New Falls. However, in an effort to resolve all of the disputes and end all of the lawsuits, the Debtor filed this Chapter 11 proceeding and has proposed the settlement with 632 MLK as set forth in the accompanying Rule 9019(a) motion.

21. The Rule 9019(a) motion would have been made previously, but there were certain personal medical issues of the Debtor's principal Anjali Soni and her son Kunal Soni, who is the manager of the Debtor.

22. Those medical difficulties have been on going with respect to Ms. Soni for the last couple of years and recently with respect to Mr. Kunal Soni.

23. On or about October 10, 2023, Kunal Soni, solely to help his mother, who is suffering with significant medical issues, agreed to again serve as a manager of the Debtor and signed an agreement to serve as the manager. There is no dispute that he resigned from that position in 2012.

24. The Debtor disputes the claims set forth in New Falls' motion concerning what events transpired before Judge Jimenez of the Nassau Supreme Court. Certainly, the State Supreme Court cannot order the payment of a judgment or arrest Ms. Soni as the State Supreme Corut does not have the right to impose Debtor's prison, especially as to an individual who is not liable on the debt. There is no claim by New Falls that Ms. Soni ever guaranteed the note to AmSouth Bank.

25. There is a separate lawsuit pending whereby Mr. Soni contests whether he signed the guarantee of the loan given by AmSouth Bank.

26. In the related Rule 9019(a) motion, the guaranty litigation will also be resolved and thus, all of the litigation would be satisfied by the settlement that has been proposed in an interest of justice.

27. For the reasons set forth herein and in the accompanying Rule 9019(a) motion, it is requested that this Court should deny the motion of New Falls Corporation and at the hearing on January 10, 2024, approve the settlement.

28. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court deny the motion of New Falls Corporation and grant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
December 11, 2023

By: _____

Weinberg, Gross & Pergament LLP
Attorneys for Debtor and Debtor-in-Possession

Marc A. Pergament
400 Garden City Plaza, Suite 309
Garden City, New York 11530
(516) 9877-2424 ext. 226