| | |
|---|---|
| VLOCK & ASSOCIATES, P.C.<br>Attorneys for New Falls Corporation<br>630 Third Avenue, 18th Floor<br>New York, New York 10017<br>(212) 557-0020<br>Stephen Vlock, Esq.<br>svlock@vlocklaw.com | Date of Hearing:<br>December 18, 2023 at 9:30 a.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X      Chapter 11
In re:
                                                              Case No. 23-73863 (reg)
            SONI HOLDINGS, LLC,

                                             Debtor.
-----------------------------------------------------------------X

### REPLY OF NEW FALLS CORPORATION IN FURTHER SUPPORT OF MOTION FOR AN ORDER (I) DISMISSING THE DEBTOR'S SINGLE ASSET REAL ESTATE CHAPTER 11 CASE OR CONVERTING IT TO A <u>CASE UNDER CHAPTER 7 AND (II) GRANTING STAY RELIEF</u>

TO THE HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE

      New Falls Corporation ("**New Falls**"), a party-in-interest in the single asset real estate case of Soni Holdings, LLC ("**Soni Holdings**" or "**Debtor**"), by its counsel Vlock & Associates, P.C., respectfully submits this reply in response to the objection ("**Objection**") of the Debtor to New Falls' motion (the "**Motion**") which seeks an order: (I) pursuant to section 1112(b) of Title 11 of the United States Code ("**Bankruptcy Code**") and Rules 1017(f), 2002(a)(4), 9013 and 9014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), dismissing the Debtor's case

or converting it to a case under Chapter 7 of the Bankruptcy Code; (II) if the Court does not dismiss the case, lifting the automatic stay of section 362(a) to permit New Falls to pursue certain pending litigation against the Debtor and its principals; and (III) granting such other and further relief as the Court deems just and proper.

## THE DEBTOR'S OBJECTION FAILS TO DISCUSS ANY OF THE LEGAL ARGUMENTS FOR DISMISSAL OR CONVERSION OR RELIEF FROM THE STAY, IS INCORRECT ON THE LAW AND THE FACTS, AND BLATANTLY MISREPRESENTS THE FACTS IN IMPROPER <u>ATTEMPTS TO MISLEAD THIS COURT</u>

1. The Debtor's Objection to New Falls' Motion is woefully inadequate, as well as improper in many respects. The Debtor fails to discuss, much less rebut, the requisite factors under the controlling *C-TC* and *Sonnax* cases, each of which weighs heavily in favor or granting the Motion. Instead, while ignoring the law, the Debtor makes numerous misrepresentations of fact in attempts to mislead the Court. Further, the Debtor bases its entire Objection on its own simultaneously filed motion which purportedly seeks to settle the debt to New Falls by presenting a bogus settlement agreement between the Debtor and an entity owned and used by the Debtor to fraudulently convey real property.

**<u>Debtor's Failure to Discuss the Facts and Applicable Law on Dismissal or Conversion</u>**

2. New Falls' initial Motion papers explained that this bankruptcy case was commenced in bad faith as a pure litigation tactic, and the Motion examined in detail the grounds

for dismissal or conversion under the factors set forth in *C-TC 9th Ave. P'ship. v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1310-11 (2d Cir. 1997).

3. In its Objection, the Debtor utterly fails to mention *C-TC* or rebut any of the eight factors. Indeed, the Debtor admits one factor without mentioning any others, specifically that this is a two-party dispute, which favors dismissal or conversion: "It is not disputed that this is effectively a two party dispute between the Debtor and its affiliates and New Falls." Objection at ¶ 20.

4. The specific facts that the Debtor fails to dispute, or even mention, and which establish cause for the relief sought in the Motion, are that the Debtor has no business or income; is a shell company owning only a gutted and near worthless deteriorating building; the state court has held the Debtor in contempt for failing to disclose assets and failing to comply with court orders; the Debtor has no books and records; the Debtor has continuing losses and diminution of property; and the Debtor has utterly failed to show any prospects to rehabilitate any business.

5. Absent rebuttal of any of the *C-TC* factors, we respectfully submit that the Debtor has completely failed to oppose dismissal or conversion on the ground of bad faith, and therefore this case should be dismissed or converted to Chapter 7.

**Debtor's Failure to Discuss Relief from the Stay**

6. Similarly, the Debtor utterly fails to discuss New Falls' additional request for relief from the stay (if the case is not dismissed). The Motion examined in detail the grounds for stay

relief under the twelve factors set forth in *Sonnax Indus. Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1999).

7. In its Objection, the Debtor utterly fails to mention *Sonnax* or attempt to rebut any of the twelve factors, which weighs heavily in favor of lifting the stay. Absent rebuttal of the *Sonnax* factors, we respectfully submit that the Debtor cannot oppose New Falls' request for relief from the stay, and therefore stay relief should be granted.

**Debtor's Bogus "Settlement" with Itself**

8. The Debtor's sole argument in opposition to the Motion is that the Debtor purportedly entered into a settlement with 632 MLK BLVD JR LLC ("**632 MLK**"). The Debtor recently filed a motion seeking to approve the "settlement," which the Debtor claims will resolve the fraudulent conveyance claim asserted by New Falls, but which will do no such thing.[1]

9. The purported "settlement" does not address any of the *CTC* or *Sonnax* factors and is thus a non sequitur with respect to this Motion and thus New Falls Motion should be granted in all respects. Moreover, the purported settlement is a continuation of the Debtor's and its principals' frauds upon New Falls, the District Court, the State Court and this Court. Furthermore, the settlement falls so far below the range of reasonableness and would reward a clear and long pattern of fraudulent activity and would, therefore, never be approved by this Court.

---

[1] Paragraph 18 of the Objection states that the "Debtor filed this Chapter 11 case for the purpose of trying to globally resolve all of the disputes with New Falls, including the fraudulent conveyance claim and the RICO case. The Debtor has no ability to settle those claims pending in the District Court via the purported "settlement" with 632 MLK.

10. Putting aside that the purported "settlement" does not address any *CTC* or *Sonnax* factor (or if it did it would be just a feather on the scale), the settlement is just another attempt by the Debtor to commit a fraud on the Court. What the Debtor fails to tell this Court is that 632 MLK is merely an alter ego of the Debtor. 632 MLK is an entity allegedly owned by Kunal Soni, the purported manager of the Debtor. In a declaration dated October 29, 2019, and filed with the District Court, Kunal Soni admitted that "I am the owner of 632 MLK BLVD JR LLC." (Declaration, ¶ 1) A copy of the declaration dated October 29, 2019 is annexed hereto as Exhibit "A."

11. 632 MLK was specifically created to effectuate the fraudulent conveyance of the real property located at 632 MLK Jr. Boulevard, Newark, New Jersey ("**Newark Property**"), which was owned by the Debtor. The Debtor fraudulently transferred the Newark Property to 632 MLK to hinder, delay and defraud New Falls from recovering on its then outstanding debt. The fact that the Debtor intentionally omits to inform this Court that 632 MLK is owned by the Debtor or its principals, highlights the Debtor's fraudulent intent and lack of candor with this Court.

12. The Debtor is representing that it entered into a settlement agreement with 632 MLK, when in actually, it is a bogus "settlement" with the Debtor itself. In fact, this seems to be just a continuation of the Debtor's attempts to circumvent the preliminary injunction Order of the District Court, issued on August 7, 2019 ("**Injunction Order**") and which is still in effect, that enjoined any sale, transfer or encumbrance of the Newark Property. A copy of the Injunction Order is annexed hereto as Exhibit "B."

13. The Debtor filed a number of motions in the District Court and even filed an appeal, seeking to vacate or modify the Injunction Order, and the Debtor's attempts each time have been rejected. The bogus settlement agreement presented to this Court is the Debtor's latest attempt to circumvent the Injunction Order, this time by fraudulently seeking to approve a settlement without disclosing to the Court that 632 MLK is merely the Debtor itself or its principals.

14. While New Falls will fully set forth in detail and with controlling authority its opposition to the bogus settlement at or before the time that opposition papers are due on the Debtor's pending 9019 motion, the settlement on its face falls about as far below the lowest range of reasonableness that any settlement could fall, for the following reasons, among others: (i) the fraudulent conveyance claims being "settled" have a high probability of success; (ii) the settlement drastically harms New Falls, the estate's only creditor, and helps only the fraudsters; (iii) the fraudulent conveyance action will not cause any expense to the estate as New Falls is willing to prosecute it; (iv) New Falls is the only creditor, and thus 100% of the creditor body objects to the settlement and, as the *primary party* whose rights are affected by the settlement, the Court should put great weigh into that objection; (v) the releases granted as part of the settlement are overly broad (in fact, they are unlimited) and neither the full universe of claims being released nor the identities of those being released are disclosed to the Court; and (vi) the settlement was not negotiated through arm's length bargaining but rather by the very insiders, and possibly counsel, who perpetrated the fraud.

**Debtor's Misrepresentations of Fact**

15. In paragraph 5 of the Objection, the Debtor claims that there is a dispute as to the validity of the assignment of the underlying loan to New Falls. This is a misrepresentation as it relates to the Debtor, because New Falls holds a final and unappealable judgment against the Debtor. As such, there is no issue regarding the assignment of the loan to New Falls as it relates to the Debtor, Soni Holdings. In fact, in paragraph 19, the Debtor makes the demonstrably false statement that the "Judgment that was obtained in the name of New Falls Corporation…may or may not be owned by Regions Bank." There is **absolutely no evidence and no reasonable basis for the Debtor's dishonest misrepresentation**. The Debtor simply fabricates this claim in an attempt to pull the wool over the Court's eyes. The Debtor is continuing its fraudulent conduct before this Court and this Court should not countenance the Debtor's improper conduct.

16. In paragraphs 7, 8 and 18 of the Objection, the Debtor asserts that real property in Farmington, Missouri which is listed as currently owned by the Debtor in its bankruptcy petition, was transferred by the Debtor to 632 MLK BLVD JR LLC. That is another misrepresentation by the Debtor. The real property in Missouri was never transferred by the Debtor. Rather, the Debtor fraudulently transferred real property located in Newark, New Jersey, to 632 MLK BLVD JR LLC.

17. In paragraphs 16 and 17 of the Objection, the Debtor falsely represents the proceedings in Supreme Court, Nassau County, claiming that documents were already produced and in the possession of New Falls. That is another blatant misrepresentation by the Debtor. The Supreme Court held Soni Holdings in contempt for repeated failure to turn over documents and to comply with Court Orders. Soni Holdings failed to comply. Judge Jimenez informed Soni

Holdings that she would issue a warrant of arrest for Soni Holdings' principal based on the repeated contemptuous and contumacious behavior, and that is the reason Soni Holdings filed the instant bankruptcy case to delay and forestall the arrest.

        18.      In paragraph 18 of the Objection, the Debtor claims that the real property in Missouri had an appraised value of $350,000.[2] However, in 2014, two years prior to the fraudulent transfer of the Newark Property, the real property in Missouri had an appraised value of $140,000, far less than the debt owed to New Falls. Moreover, the real property was abandoned, gutted and deteriorating, and therefore in 2016 the value would have been even less. A copy of the summary page of the 2014 appraisal of the Missouri real property, evidencing a value of $140,000, is annexed hereto as Exhibit "C."

        19.      In paragraph 24, the Debtor falsely represents the proceedings in Supreme Court, claiming that the Supreme Court cannot order the payment of a judgment or arrest of Ms. Soni because she is not liable on the debt, and tries further to misdirect this Court by asserting the red herring that Ms. Soni did not guaranty the debt. In reality, the Debtor knows that the Supreme Court was not ordering the Debtor to pay the judgment upon threat of prison. Rather, the Supreme Court intended to issue a warrant of arrest based on Soni Holdings' contempt for repeated failure to turn over documents and to comply with Court Orders. The reason that the arrest warrant was to be issued for Ms. Soni is that she is purportedly the owner of Soni Holdings who is responsible

---

[2] The copy of the appraisal submitted as Exhibit "A" to the Debtor's recent motion to approve the settlement is from March 2007, nine years prior to the fraudulent conveyance, and is thus another red herring if not another attempt to mislead the Court.

for the contemptuous behavior of Soni Holdings, and the Court cannot arrest an entity, only a real person.

**Conclusion**

20. The Debtor's bad faith in filing this Chapter 11 case has been amply demonstrated, and the Debtor has not even attempted to rebut New Falls' Motion. The Debtor has failed to discuss the *C-TC* factors or rebut any of the arguments demonstrating bad faith filing. The Debtor also failed to discuss the *Sonnax* factors or rebut any of the arguments in favor of lifting the stay. The Debtor's sole argument, to the extent it constitutes a legal argument at all, is based on a spurious settlement with itself, the nature of which the Debtor intentionally concealed from the Court, and which is another attempt by the Debtor to perpetrate a fraud on the Court.

21. Accordingly, this case should be dismissed or converted to a case under Chapter 7, and, in addition, if the case is not dismissed, relief from stay should be granted to allow New Falls to continue the actions against the Debtor and related parties in District Court.

Dated:  New York, New York
        December 15, 2023

                                                VLOCK & ASSOCIATES, P.C.
                                                Attorneys for New Falls Corporation
                                                630 Third Avenue, 18th Floor
                                                New York, New York 10017
                                                (212) 557-0020

                                                By: *s/Stephen Vlock*
                                                Stephen Vlock, Esq.
                                                svlock@vlocklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on December 15, 2023, I caused a copy of the within REPLY OF NEW FALLS CORPORATION IN FURTHER SUPPORT OF MOTION FOR AN ORDER (I) DISMISSING THE DEBTOR'S SINGLE ASSET REAL ESTATE CHAPTER 11 CASE OR CONVERTING IT TO A CASE UNDER CHAPTER 7 AND (II) GRANTING STAY RELIEF and supporting papers, to be served by ECF and/or mail upon:

Soni Holdings LLC
10 Bel Air Court
Oyster Bay, New York 11771

Weinberg, Gross & Pergament LLP
400 Garden City Plaza, Suite 309
Garden City, New York 11530

United States Trustee
Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722


I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:      New York, New York
            December 15, 2023

                                            *s/Stephen Vlock*
                                            STEPHEN VLOCK